**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000763
30-DEC-2020
08:27 AM
Dkt. 64 SO**

NO. CAAP-18-0000763

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


FREE CHURCH OF TONGA-KONA,
a Hawaii Domestic Nonprofit Corporation,
Plaintiff-Appellee,
v.
MS. LAGA, also known as AVON LAGA,
also known as ABON LAGA,
Defendant-Appellant,
and
MR. LAGA; ANYONE CLAIMING BY, THROUGH,
OR UNDER MR. LAGA OR MS. LAGA; and
ALL OCCUPANTS OF THE PROPERTY LOCATED AT
73-4303-A HAWAII BELT ROAD, TMK (3) 7-3-004-006;
Defendants-Appellees,
and
DOE DEFENDANTS,
Defendants

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CIVIL NO. 3RC 18-1-00091K)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Nakasone, JJ.)

Self-represented Defendant-Appellant Avon Laga (**Laga**) appeals from the Writ of Ejectment (**Writ**) and the Judgment of Ejectment (**Judgment**), both entered on September 18, 2018, by the District Court of the Third Circuit, North and South Kona Division (**District Court**), in favor of Plaintiff-Appellee Free Church of Tonga-Kona (**the Church**) and against Laga and other defendants.[1]  After a bench trial, the District Court found that

---

[1]  The Honorable Margaret K. Masunaga presided.

trespass had occurred and that the Church was entitled to the Writ and Judgment.

Laga's sole point of error on appeal is that the courts of the State of Hawaiʻi do not have personal jurisdiction over her because she is a "Hawaiian subject[]" and the conduct at issue occurred "wholly within" the "Kingdom of the Hawaiian Islands."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve Laga's point of error as follows:

Hawaii's long-arm statute, HRS § 634-35 (2016), provides, in relevant part:

> (a)   Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person . . . to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of the acts:
>
> (1)   The transaction of any business within this State;
> (2)   The commission of a tortious act within this State;
> (3)   The ownership, use, or possession of any real estate situated in this State;
> (4)   Contracting to insure any person, property, or risk located within this State at the time of contracting.

Here, the District Court found that "trespass had occurred," with regard to Laga's possession of the subject property.  Laga was thus found to have committed acts enumerated under HRS § 634-35(a)(2) and (3), thereby submitting herself to the jurisdiction of the District Court.

With respect to Laga's argument that she is not subject to the jurisdiction of the Hawaiʻi courts due to her status as a "subject" of the "Kingdom of the Hawaiian Islands," the Hawaiʻi Supreme Court has rejected such jurisdictional challenges.  See State v. Kaulia, 128 Hawaiʻi 479, 487, 291 P.3d 377, 385 (2013).

Therefore,

IT IS HEREBY ORDERED that the Writ of Ejectment and the Judgment of Ejectment, both entered on September 18, 2018, in the

District Court of the Third Circuit, North and South Kona
Division, are affirmed.

DATED:  Honolulu, Hawaiʻi, December 30, 2020.


On the briefs:

Avon Laga,
Self-represented Defendant-
Appellant.

Robert D. Triantos and
Michelle Chi Dickinson
(Carlsmith Ball LLP)
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge